UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RANDY EVAN DARBY** | **CIVIL ACTION NO. 07-1659** |
| **VS.** | **SECTION P** |
| **MOREHOUSE CORRECTIONAL CENTER, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on October 3, 2007, by *pro se* plaintiff Randy Evan Darby. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is incarcerated at the Morehouse Corrections Center (MCC), Collinston, Louisiana. He complains that the institution's law library is inadequate and implies that the inadequacies deny him his constitutional right of access to the courts. He sues Assistant Warden Brown and seeks a transfer to another institution. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Plaintiff is an inmate in the custody of the LDOC; he is incarcerated at the MCC. On some unspecified date he went to MCC's law library "... to find books about getting my conviction overturned." According to plaintiff, the books he needed were not in the library. He

1

requested the books from Assistant Warden Brown who said he would get the books. According to plaintiff, he has not obtained the books yet. Plaintiff then filed "numerous grievances" over the course of seven months; his grievances were not answered. He wrote to the LDOC on March 13, 2007 but the LDOC has not responded.

Plaintiff signed his complaint on September 17, 2007. Plaintiff seeks a transfer to a prison with an adequate law library.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint recites the facts relied upon to support his specific theories of liability. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

*2. Access to Courts*

Plaintiff implies that the defendant has denied him access to the courts. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). See *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135

L.Ed.2d 606 (1996)).  Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821;  *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81;  *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).[1]  Plaintiff claims that the prison law library does not have the books he needs to learn how to overturn his conviction.  However, he does not claim that he has been inhibited in any way from filing the necessary pleadings to attack his conviction.  In other words, he has not shown that the defendant has denied him his right of access to the court.

Furthermore, in order for plaintiff to state a claim that he was denied his constitutional

---

[1] In the Fifth Circuit, it has been established that access to typewriters and copy machines is not an essential part of the right of access to the courts. See *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988), (holding that denial of access to carbon paper and reproduction equipment and denial of face-to-face access to other inmates did not deprive an inmate of his right of access to the courts); and *Eisenhardt v. Britton*, 478 F.2d 855 (5th Cir.1973).  There simply is no constitutional right of access to carbon paper, reproduction equipment, or to face-to-face meetings with other inmates possessed by pretrial detainees or prisoners.  See *Beck v. Lynaugh*, 842 F.2d at 762. Prisoners possess no right to the assistance of any particular other prisoner or writ writer as long as the constitutional right of access to the courts by the putative recipient of such assistance is not infringed. See *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir.1996).  A prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library. *Degrate v. Godwin*, 84 F.3d at 769. Furthermore, restrictions on direct access to legal materials may be warranted when prison security is involved. See *Eason v. Thaler*, 73 F.3d at 1329; and *Morrow v. Harwell*, 768 F.2d 619, 622 (5th Cir.1985). However, arbitrary limitations and restrictions on access to legal materials, without the assistance of persons trained in the law, and without the ability of inmates in administrative segregation to examine legal digests, hornbooks, and other legal materials firsthand is unconstitutional. See *Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir.1994), (holding that allegations of a total denial of all access to the prison law library for 25 days following a prison riot stated a constitutional violation); *Pembroke v. Wood County, Texas*, 981 F.2d at 229, (holding that the total denial of all access to the law library for seven months violated the plaintiff's constitutional right of access to the courts), citing *Morrow v. Harwell*, 768 F.2d 619, 622 (5th Cir.1985), (holding that access to a weekly bookmobile coupled with circumscribed assistance from law students was insufficient to afford meaningful access to the courts); and *Green v. Ferrell*, 801 F.2d 765, 772 (5th Cir.1986), (holding that allowing inmates to select volumes twice each week from a list of books available in the County law library and limiting inmates to no more than two volumes at a time violated the inmates' rights to meaningful access to the courts).  The obligation to pay filing fees, over time if necessary, is not an unconstitutional denial of access to the courts provided that the litigant is excused from paying the fee when actually unable to do. See *Norton v. Dimazana*, 122 F.3d at 290-91, (upholding the constitutionality of the PLRA's filing fee requirements). Finally, prisoners possess no constitutionally-protected right to file frivolous lawsuits. See *Johnson v. Rodriguez*, 110 F.3d 299, 310-13 & 316 (5th Cir.1997), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).

right of access to the courts, he must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement held: "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. The Court further held that this right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.*

Plaintiff has alleged no prejudice resulting from the law library's failure to provide the books he claims he needs. Therefore, his claim should be dismissed as frivolous.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b)(i) and (ii) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, November 1, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE